**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JACKIE DIANNA MACK and | * | |
| FRANKIE MACK, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION NO.: |
| v. | * | |
| | * | 1:22-cv-00054-RAH-KFP |
| COOPERSURGICAL, INC., | * | |
| THE COOPER COMPANIES, INC., | * | |
| FEMCARE, LTC. – UK SUBSIDIARY OF | * | |
| UTAH MEDICAL PRODUCTS, INC., and | * | |
| UTAH MEDICAL PRODUCTS, INC., | * | |
| | * | |
| Defendants. | * | |

## FEMCARE, LTD.'S ANSWER TO PLAINTIFFS' COMPLAINT

Femcare, Ltc. – UK Subsidiary of Utah Medical Products, Inc. ("Femcare, Ltd." or "Defendant"), one of the Defendants in the above case, responds to Plaintiffs' Complaint as follows:

Defendant denies the allegations in the initial unnumbered paragraph of Plaintiffs' Complaint.

## I.     INTRODUCTION

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, therefore the allegations are denied.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, therefore the allegations are denied.

3.     Denied.

## II.     PARTIES

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, therefore the allegations are denied.

5.     The allegations of this paragraph do not apply to this Defendant, therefore, no response is required. Should Defendant be mistaken, it denies any allegations directed to it.

6.     The allegations of this paragraph do not apply to this Defendant, therefore, no response is required. Should Defendant be mistaken, it denies any allegations directed to it.

7.     Admitted.

8.     Defendant admits that Utah Medical Products, Inc. is the parent company of Femcare, Ltd. but denies the remaining allegations of this paragraph.

9.     The allegations of this paragraph do not apply to this Defendant, therefore, no response is required. Should Defendant be mistaken, it denies any allegations directed to it.

10.     Defendant admits that Utah Medical Products, Inc. is the parent company of Femcare, Ltd. but denies the remaining allegations of this paragraph.

11.     Denied.

## III.     JURISDICTION & VENUE

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, therefore the allegations are denied.

13.     Defendant denies the allegations of this paragraph directed at it.

14.     Defendant denies the allegations of this paragraph directed at it.

15.     Denied.

16.     Denied.

# IV. FACTUAL BACKGROUND

### a.     *Plaintiffs Bring this Action Because Filshie Clips Injured them after migration.*

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, therefore the allegations are denied.

18.     Denied.

### b.     *What is a Filshie Clip and How is it Supposed to Work?*

19.     Defendant admits the Filshie Tubal Ligation System is for tubal ligation but denies the remaining allegations of this paragraph.

20.     Defendant admits the Filshie Tubal Ligation System is for tubal ligation but denies the remaining allegations of this paragraph.

21.     Defendant admits that the Filshie Clip "delivery system" consists of an applicator that allows insertion into the woman's body to allow the clip to be clipped onto the fallopian tube but denies the remaining allegations of this paragraph.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, therefore the allegations are denied.

### c.     *Background on Filshie Clips and the FDA Process.*

23.     Defendant admits that it obtained PMA from the FDA but denies the remaining allegations of this paragraph.

24.     The allegations of this paragraph purporting to quote a statutory provision do not require a response.

25.     Admitted.

26.     Femcare admits that the FDA authorized Filshie Clips commercial distribution. The remaining allegations of this paragraph purporting to state a legal conclusion do not require a response.

27.     Femcare admits that the PMA imposed certain conditions on Femcare's sale of the products and the PMA speaks for itself. Femcare denies the remaining allegations of this paragraph.

28.     The allegations of this paragraph purporting to quote a statutory provision do not require a response.

29.     The allegations of this paragraph set forth legal conclusions as to which no response is required.

30.     The allegations of this paragraph set forth legal conclusions as to which no response is required.

31.     The allegations of this paragraph set forth legal conclusions as to which no response is required.

32.     The allegations of this paragraph set forth legal conclusions as to which no response is required.

### d.      *Plaintiffs' Claims are Not Preempted by Federal Law Because They Do Not Impose Additional Requirements on the Defendants.*

33.     The allegations of this paragraph set forth legal conclusions as to which no response is required.

34.     The allegations of this paragraph set forth legal conclusions as to which no response is required.

35.     The allegations of this paragraph set forth legal conclusions as to which no response is required.

36.     Denied.

*e.*     ***CooperSurgical, Femcare, Ltd., and Utah Medical Products Design and Promote Defective Filshie Clips.***

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, therefore the allegations are denied.

38.     Denied.

39.     Defendant admits that millions of women worldwide have had tubal ligation using Filshie Clips and denies the remaining allegations of this paragraph.

40.     Defendant admits the Filshie Tubal Ligation System is for tubal ligation but denies the remaining allegations of this paragraph.

41.     Admitted.

42.     Admitted.

*f.*     ***CooperSurgical, Femcare, Ltd., and Utah Medical Products Failed to Inform Patients of the Risks Associated with Filshie Clips.***

43.     The conclusory allegations of this paragraph do not require a response. Should Femcare be mistaken, it denies the allegations directed to it.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Because the contents of the PMA speak for itself, the allegations of this paragraph do not require a response.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**g.** *Mrs. Mack's experience with the Filshie Clips – Plaintiff is Implanted with Filshie Clips in her Tubal Ligation.*

55. Admitted on information and belief.

56. Femcare is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

57. Femcare is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

58. Femcare is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

59. Denied.

**h.** *Mrs. Mack Discovers The Cause of Her Suffering.*

60. Femcare is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

61. Femcare is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

62. Femcare is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

63. Femcare is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

## V.     THE DISCOVERY RULE APPLIES TO THIS MATTER

64.     Femcare incorporates its responses to the previous paragraphs.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

## VI.     CAUSES OF ACTION

## COUNT 1:  ALL DEFENDANTS – PRODUCTS LIABILITY – DESIGN DEFECT

71.     Femcare incorporates its responses to the previous paragraphs.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Femcare is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

## COUNT 2:  ALL DEFENDANTS – PRODUCTS LIABILITY –
## MANUFACTURING DEFECT

83.     Femcare incorporates its responses to the previous paragraphs.

84.     Denied.

85.     Denied.

86.     Femcare is without knowledge or information sufficient to admit or deny the
allegations of this paragraph, therefore, they are denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

## COUNT 3:  ALL DEFENDANTS – PRODUCT LIABILITY – FAILURE TO WARN

93.     Femcare incorporates its responses to the previous paragraphs.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

### COUNT 4:  ALL DEFENDANTS – STRICT LIABILITY

106.    Femcare incorporates its responses to the previous paragraphs.

107.    Denied.

108.    Femcare is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

### COUNT 5:  ALL DEFENDANTS – NEGLIGENCE

117.    Femcare incorporates its responses to the previous paragraphs.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied, including all subparts.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

**COUNT 6:  ALL DEFENDANTS – VIOLATION OF CONSUMER PROTECTION LAWS**

132.   Femcare incorporates its responses to the previous paragraphs.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied, including all subparts.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

### COUNT 7:  ALL DEFENDANTS – GROSS NEGLIGENCE

151.   Femcare incorporates its responses to the previous paragraphs.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.


### COUNT 8:  ALL DEFENDANTS – PUNITIVE DAMAGES

157.   Femcare incorporates its responses to the previous paragraphs.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.    Denied.

## VII.    RESERVATION OF RIGHTS

166.    The allegations of this paragraph do not require a response.

## VIII.    JURY DEMAND

167.    The allegations of this paragraph do not require a response.

## IX.    PRAYER FOR RELIEF – DAMAGES

168.    Denied, including all subparts.

Femcare denies the allegations in the final unnumbered paragraph, as well as the captions of the various sections of the Complaint.

## <u>GENERAL DENIAL</u>

Femcare denies each allegation not specifically admitted and that Plaintiffs are entitled to any relief sought.

## <u>First Defense</u>

Plaintiff's claims are preempted by the Medical Device Amendments to the Food, Drug & Cosmetic Act, FDA regulations, and other federal law in accordance with the Supremacy Clause of the United States Constitution. *See* 21 U.S.C. § 360k, *Riegel v. Medtronic*, 552 U.S. 312 (2008), and *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## <u>Second Defense</u>

The sole proximate cause are events, conditions, physiology, reactions and conditions which could not have been reasonably anticipated in the exercise of reasonable care applicable to medical practitioners, and as such, Defendant can have no liability whatsoever for the Complaint asserted herein against it.

### Third Defense

Plaintiff's damages or losses, if any, were caused or contributed to by the fault of Plaintiff, other products, other persons, other firms, other corporations or other entities over whom Defendant had and has no control or right of control, and for whom they owe no legal responsibility.

### Fourth Defense

A cause of any physical harm sustained by Plaintiff was a modification or alteration of any medical device or product for which Defendant is responsible after delivery of the product to the initial user or consumer that was a proximate cause of the harm and was not reasonably expectable by Defendant, and Plaintiff is, therefore, not entitled to recover any damages from Defendant.

### Fifth Defense

The acts or omissions, if any, of Defendant, were not a substantial factor in bringing about the alleged injuries and, therefore, were not a contributing cause thereof, but were superseded by the acts or omissions of others, which were sole or independent, intervening, and proximate causes of any such injuries or damages allegedly suffered.

### Sixth Defense

The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person or entity, including Defendant.

### Seventh Defense

Defendant asserts the affirmative defense of contributory negligence and/or contributory fault as set forth under *Norfolk Southern Ry. Co. v. Johnson*, 75 So. 3d 624 (Ala. Mar. 11, 2011).

### Eighth Defense

Defendant asserts the affirmative defense of assumption of the risk.

## Ninth Defense

Plaintiff has failed to bring claims within the applicable statute of limitations under Ala. Code §§ 6-2-38; 6-5-502; and all other applicable statute of limitations.

## Tenth Defense

Defendant claims the benefits and limitations of the Alabama Medical Liability Act of 1987, 1996, including § 6-5-540 through § 6-5-552.

## Eleventh Defense

No privity of contract existed between Plaintiff and Defendant.

## Twelfth Defense

Defendant asserts the doctrine of intervening cause or superseding cause to the extent that acts of individuals known and unknown by this defendant may constitute acts of an independent character over whom this defendant has no duty or ability to control thereby constituting an independent cause resulting in any alleged injury.

## Thirteenth Defense

Defendant had no duty to warn Plaintiff of any risks associated with the use of any medical device or product for which Defendant is responsible, as any such medical device was supplied to a knowledgeable and sophisticated user of such product, or a learned intermediary, with adequate warnings and DFU, or because that learned intermediary had independent knowledge of any risks associated with the use of such medical device and chose to use it without regard to the adequacy of the warnings and DFU supplied with it.

## Fourteenth Defense

Any medical device or product for which Defendant is responsible conformed to the state of the art applicable to the safety of the product at the time the product was designed,

manufactured, packaged, and labeled, and Plaintiff is, therefore, not entitled to recover any damages from Defendant.

## Fifteenth Defense

Any medical device or product for which Defendant is responsible complied with the applicable codes, standards, regulations or specifications established, adopted, promulgated, or approved by the United States, or by an agency of the United States, and Plaintiff is, therefore, not entitled to recover any damages from Defendant.

## Sixteenth Defense

There was no practical or technically feasible alternative design that would have prevented or reduced the alleged risks associated with the product at issue without substantially impairing the reasonably anticipated and intended function of the product at issue at the time of use.

## Seventeenth Defense

The Plaintiff's Complaint and more particularly the claims for medical expenses, or for any expenses which have been paid by third parties, is not being prosecuted by the real party in interest pursuant to ARCP 17 and thus the Plaintiff's claims for such expenses should be dismissed or otherwise barred.

## Eighteenth Defense

Plaintiff's claims are barred by the doctrine of laches.

## Nineteenth Defense

Plaintiff's claims are barred by the statute of limitations.

## Twentieth Defense

Defendant pleads the doctrine of informed consent and informed risk of outcome.

### Twenty-First Defense

Plaintiff's claims against Defendant are barred under Section 402(A), Comment (k) of the Restatement (Second) of Torts.

### Twenty-Second Defense

Any recovery for non-economic losses, including punitive damages, to Plaintiff herein shall not exceed $400,000.00 as more fully set forth in Ala. Code § 6-5-544.

### Twenty-Third Defense

Any recovery for punitive damages herein is limited to $250,000.00 as more fully set forth in Ala. Code, § 6-11-21 (1987) or in the alternative, is limited by Ala. Code § 6-11-21 (1999), which limits the amount of punitive damages in civil actions for physical injury to three times the compensatory damages of the party claiming punitive damages or $1,500,000.00, whichever is greater, and Defendant further claims all the benefits and limitations in Ala. Code § 6-11-20 through § 6-11-30 as to punitive damages.

### Twenty-Fourth Defense

Plaintiff's recovery of damages and losses, if any, are subject to applicable constitutional and statutory caps and limitations.

### Twenty-Fifth Defense

Defendant is not guilty of any conduct that would entitle Plaintiff to recover punitive damages.

### Twenty-Sixth Defense

Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to under the Constitution of Alabama.

### Twenty-Seventh Defense

Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to defendants under the <u>Constitution of the United States</u>.

### Twenty-Eighth Defense

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12 of the <u>Alabama Code</u> (1975), jointly and separately.

### Twenty-Ninth Defense

Each claim for punitive damages, on its face and/or as applied in this case is in violation of the Fourth Amendment of the <u>Constitution of the United States</u>; the Fifth Amendment of the <u>Constitution of the United States</u>; of the right to counsel and a fair trial provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the <u>Constitution of the United States</u>; of the proportionality principles contained in the Eighth Amendment of the <u>Constitution of the United States</u>; the Due Process Clause of the Fourteenth Amendment of the <u>Constitution of the United States</u>; and Article 1, Sections 1, 2, 6, 11, 13, 15, and 35 of the <u>Constitution of Alabama</u> of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1. The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, this Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform its conduct accordingly;

2. Present Alabama procedures permit awards of punitive damages that constitute excessive fines;

3.      Punitive damages are penal in nature and should not be imposed by civil courts or juries;

4.      The procedures to be followed would permit an award of punitive damages against this Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

5.      The procedures to be followed would permit an award of punitive damages against this Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;

6.      This Defendant is not afforded the same protections and standards given other tortfeasors pursuant to Alabama Code §§ 6-11-20 through 6-11-30;

7.      Because punitive damages are a form of criminal or quasi-criminal sanctions, any award of punitive damages is unconstitutional absent the same protections afforded to criminal defendants, including, but not limited to, protection against unreasonable searches and seizures, the right to confront adverse witnesses, a speedy trial and effective assistance of counsel, all separately and severally;

8.      The procedures to be followed would permit the award of multiple punitive damages awards for the same act or omission;

9.      There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against this Defendant under present Alabama law;

10.     The standards of conduct upon which punitive damages are sought against this Defendant are vague and ambiguous and are not rationally related to any legitimate purpose;

11.     The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous and are not rationally related to any legitimate purpose;

12.     The procedures used by Alabama courts and the guidelines given to jurors, jointly and separately, are vague and ambiguous and thus, impermissibly delegate to jurors basic policy matters;

13.     The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited power and unfettered discretion to make determinations on whether to award punitive damages and, if so, on the amount to be awarded;

14.     The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

15      The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, fail to guard against the award of punitive damages on the basis of discriminatory characteristics such as the wealth of the defendant;

16.     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

17.     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

18.     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

19.     An award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purpose on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity;

20.     Present Alabama law does not provide the constitutionally required balance between a defendant's interest in rational decision making and the state's interest in ensuring appropriate punishments;

21.     The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against this defendant;

22.     The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

23.     An award of punitive damages would compensate the plaintiffs for elements of damage not otherwise recognized by Alabama law and would enrich or compensate the plaintiff, which is an impermissible utilization of allegedly punitive damages;

24.     The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendant or the compensatory damages awarded to the plaintiff, if any;

25.     The term "malice," as used and defined in Section 6-11-20(a) and Section 6-11-20(b), Code of Alabama (1975), creates an unconstitutional, irrebuttable, mandatory presumption; and

26.     An award of punitive damages in this case would permit the punishment of this defendant other than by virtue of a law established and promulgated prior to the offense and legally applied.

## Thirtieth Defense

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the <u>Constitution of the United States</u> as well as the <u>Constitution of Alabama</u> provisions set forth above.

## Thirty-First Defense

The assessment and adjudication against Defendant of any punitive damages other than those measured according to its sole, individual conduct would be improper and impermissible.

## Thirty-Second Defense

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article 1, Sections 5 and 6 of the <u>Constitution of Alabama</u> because punitive damages are penal in nature, and the defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## Thirty-Third Defense

The imposition of punitive damages deprives Defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and in Article 1, Sections 1, 6 and 22, of the <u>Constitution of Alabama</u> of 1901 for the following reasons, jointly and separately:

1.   The Plaintiff seeks punitive damages in excess of the respective maximums established by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12, <u>Code of Alabama</u> (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability would have the benefit of the cited code provisions;

2.   The procedures to be followed would permit the awarding of punitive damages against this defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3. The procedures to be followed would permit an award of punitive damages against this Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;

4. This Defendant is not afforded the same protections and standards given other tortfeasors pursuant to <u>Alabama Code</u> §§ 6-11-20 through 6-11-30;

5. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated defendants and, thus, may result in the imposition of disparate penalties for the same or similar acts; and

6. Punitive damages are penal in nature and the defendants, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

### Thirty-Fourth Defense

Plaintiff's claim for punitive damages is barred to the extent that he seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment grounded in Defendant's status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments to the <u>Constitution of the United States</u> and Article I, Sections 1, 6, 13 and 22 of the <u>Constitution of Alabama</u>.

### Thirty-Fifth Defense

By virtue of <u>Alabama Code</u> §§ 6-11-20 and 6-11-27 (1975), punitive damages are not recoverable against this Defendant.

### Thirty-Sixth Defense

Section 6-11-21(e) of the <u>Alabama Code</u> provides that, except as provided in Section 6-11-27, no defendant shall be liable for any punitive damages unless that defendant has been expressly

found by the trier of fact to have engaged in conduct, as defined in Section 6-11-20, warranting punitive damages, and such defendant shall be liable only for punitive damages commensurate with that defendant's own conduct. *See, e.g., Reserve Nat. Ins. Co. v. Crowell*, 614 So.2d 1005 (Ala. 1993). There can be no award of punitive damages against Defendant in this case because: (1) the alleged conduct of said Defendant does not fall within Section 6-11-20; (2) to the extent culpability exists, it does not rest with Defendant; and (3) vicarious liability for punitive damages cannot exist under section 6-11-27.

### Thirty-Seventh Defense

Pursuant to Alabama Code Section 6-11-20, an award of punitive damages must be supported by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. There is no such evidence in this case.

### Thirty-Eighth Defense

Section 6-11-27 of the Alabama Code bars the imposition of vicarious liability and any award of punitive damages for said liability in the present matter. Section 6-11-27 provides that a principal, employer, or other master shall not be liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless the principal, employer, or master either: knew or should have known of the unfitness of the agent, employee, or servant, and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others; or authorized the wrongful conduct; or ratified the wrongful conduct; or unless the acts of the agent, servant or employee were calculated to or did benefit the principal, employer or other master, except where the plaintiff knowingly participated with the agent,

servant, or employee to commit fraud or wrongful conduct with full knowledge of the import of his act.

### Thirty-Ninth Defense

The imposition of punitive damages in this case will constitute an excessive fine in violation of the Eighth Amendment of the <u>Constitution of the United States</u> and Article 1, Section 15 of the <u>Constitution of Alabama</u>.

### Fortieth Defense

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the <u>Constitution of the United States</u> for the following reasons, jointly and separately:

1. The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the Plaintiffs;

2. The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of this Defendant's property with no rationally stated purpose;

3. Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process; and

4. Such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

### Forty-First Defense

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article 1, Section 6 of the <u>Constitution of Alabama</u>.

### Forty-Second Defense

Any award of punitive damages to the Plaintiff in this case would be in violation of Article 1, Section 10, Clause 1 of the <u>Constitution of the United States</u> and Article 1, Section 22 of the <u>Constitution of Alabama</u> prohibiting laws which impair the obligation of contracts.

### Forty-Third Defense

Present Alabama punitive damages procedures allow the jury to punish defendants for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the <u>Constitution of the United States</u>.

### Forty-Fourth Defense

The imposition of punitive damages in this case unconstitutionally violates the right of the defendants to access to the courts as guaranteed by the First and Fourteenth Amendments of the <u>Constitution of the United States</u>.

### Forty-Fifth Defense

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the <u>Constitution of the United States</u> as incorporated into the Fourteenth Amendment of the <u>Constitution of the United States</u>.

### Forty-Sixth Defense

Plaintiff's claims for punitive damages should not be submitted to the jury because, under the United State Supreme Court's holding in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and the Alabama Supreme Court's holding in *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury.

### Forty-Seventh Defense

The amount of punitive damages is not a question for the jury to determine. The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous. Present Alabama law does not provide for sufficiently objective and specific

standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

### Forty-Eighth Defense

To permit the imposition of punitive damages against Defendant on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate Defendant's right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

### Forty-Ninth Defense

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1 and 6 of the Alabama Constitution.

### Fiftieth Defense

Alabama's application of joint and several liability prohibiting apportionment of punitive damages violates the constitutional prohibition against vague and over broad laws.

### Fifty-First Defense

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, Code of Alabama regarding punitive damage awards, now declared unconstitutional by the Alabama

Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the <u>United States Constitution</u> from excessive and arbitrary punitive damage awards.

### Fifty-Second Defense

Plaintiff's claims for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law for the purpose of compensating plaintiffs or for purposes not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the <u>United States Constitution</u> and by the due process provision in the <u>Constitution of Alabama</u>.

### Fifty-Third Defense

With respect to Plaintiff's demands for punitive damages, Defendant pleads all applicable caps and limitations available under Alabama law, including, but not limited to, <u>Alabama Code §</u> <u>6-11-21 (1975)</u>, and Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards which arose in the decisions of *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996), and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Fifty-Fourth Defense

Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Fifty-Fifth Defense

Any jury making an award of punitive damages in this case must consider the factors set forth in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), in assessing constitutional punitive damages.

## Fifty-Sixth Defense

Any award of punitive damages in this case would be unconstitutional under *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), because Defendant received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

## Fifty-Seventh Defense

Any punitive damages assessed against this Defendant must be mitigated in accordance with the factors set forth in *Cooper Industries, Inc. v Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996), *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *Green Oil Co. v. Hornsby*, 539 So. 2d 218 (Ala. 1989), and *Hammond v. City of Gadsden*, 493 So. 2d 1374 (Ala. 1986), and their progeny.

## Fifty-Eighth Defense

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e.,

injury that it inflicts upon those who are, essentially, strangers to the litigation." *Phillip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007). Furthermore, any such an award would amount to a taking of property from Defendant without due process. *Id.* at 1060.

### Fifty-Ninth Defense

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with an opportunity to present every available defense." *Phillip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

### Sixtieth Defense

The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because such punishment would add a near standardless dimension to the punitive damages equation. *Phillip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007). Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of arbitrariness, uncertainty and lack of notice. *Id.*

### Sixty-First Defense

Defendant pleads the doctrine of spoliation with respect to all evidence that was at one time available but is no longer available to Defendant.

### Sixty-Second Defense

Defendant denies that it has been guilty of any conduct that would allow recovery of mental anguish or emotional distress damages.

### Sixty-Third Defense

The rules of evidence as applied by the Alabama Courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the due process clause of the United States Constitution and similar provisions of the Alabama Constitution.

### Sixty-Fourth Defense

An award of mental anguish damages in this case will violate Defendant's due process and equal protection rights guaranteed by the <u>Alabama Constitution</u> and <u>United States Constitution</u> because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### Sixty-Fifth Defense

To award Plaintiff damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish and/or the absence of any requirements for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Defendant avers that such an award in this case would violate both the <u>United States Constitution</u> and the <u>Alabama Constitution</u>.

### Sixty-Sixth Defense

Alabama's procedure for awarding mental anguish or emotional distress damages is unconstitutional because: (a) it fails to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the <u>Constitution of the United States</u>; (b) it fails to provide specific standards for the amount of the aware of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the <u>Constitution of the United States</u>; (c) it results in the imposition of different compensation for the same or similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the <u>Constitution of the United States</u>; and (d) it constitutes deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u>.

**<u>Sixty-Seventh Defense</u>**

This Court lacks personal jurisdiction over this Defendant.


**EXPRESS RESERVATION OF RIGHTS ON OTHER DEFENSES**

Defendant reserves the right to assert such other defenses as may become available or apparent during the course of discovery and reserves its right to amend this Answer to assert such defenses.


Respectfully submitted,

*/s/ Archibald T. Reeves, IV*
ARCHIBALD T. REEVES, IV
areeves@mcdowellknight.com
W. CRAIG HAMILTON
chamilton@mcdowellknight.com
McDowell Knight Roedder & Sledge, L.L.C.
11 N. Water Street, Ste. 13290
Mobile, Alabama 36602
Tel:  (251) 432-5300
Fax:  (251) 432-5303

And

ROBERT G. SMITH, JR.
rsmith@mayerllp.com
*Admitted Pro Hac Vice*
MAYER, LLP
2900 North Loop West, Suite 500
Houston, Texas 77092
Office:  832.604.2309
Mobile:  713.857.8281

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic document filing system which sends notification of such filing to the following attorneys of record:

Simon B. Purnell
Daniel R. Griffin
Charles E. Hardy, Jr.
GRIFFIN PURNELL LLC
615 N. Upper Broadway, Suite 900
Corpus Christi, TX 78401
simon@griffinpurnell.com
dan@griffinpurnell.com
chase@griffinpurnell.com

Emily Hornsby
Morris Haynes, Attorneys at Law
3500 Blue Lake Drive, Ste. 200
Birmingham, AL 35243
ehornsby@mhhlaw.net

*/s/ Archibald T. Reeves, IV*